*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0971**

State of Minnesota,
Respondent,

vs.

Karen Sue Butcher,
Appellant

**Filed March 9, 2015
Affirmed
Worke, Judge**

St. Louis County District Court
File No. 69DU-CR-11-3286

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Victoria D. Wanta, Assistant County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Connolly, Judge.

## UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges her fifth-degree criminal-sexual-conduct conviction, arguing that the evidence is insufficient to show that her "intimate parts" made contact with the complainant. We affirm.

**D E C I S I O N**

A jury found appellant Karen Sue Butcher guilty of fifth-degree criminal sexual conduct and disorderly conduct. She challenges the sufficiency of the evidence supporting the criminal-sexual-conduct conviction.

"Whe[n] there is a challenge to the sufficiency of the evidence, this court reviews the evidence in the light most favorable to the verdict to determine if the evidence was sufficient to permit the jury to reach the verdict it did." *State v. Ford*, 539 N.W.2d 214, 225 (Minn. 1995). We assume that the jury believed the state's witnesses and disbelieved contrary evidence. *State v. Huss*, 506 N.W.2d 290, 292 (Minn. 1993).

If a jury considered circumstantial evidence, this court applies a heightened standard of review. *State v. Porte*, 832 N.W.2d 303, 309 (Minn. App. 2013). This standard includes a two-step analysis to determine whether the evidence was sufficient to support the conviction. *State v. Moore*, 846 N.W.2d 83, 88 (Minn. 2014). First, this court "identif[ies] the circumstances proved," "assum[ing] that the jury resolved any factual disputes in a manner that is consistent with the jury's verdict." *Id.* Second, we "examine independently the reasonableness of the inferences that might be drawn from the circumstances proved," and then "determine whether the circumstances proved are consistent with guilt and inconsistent with any rational hypothesis except that of guilt." *Id.* (quotations omitted). The evidence is considered as a whole, not each piece in isolation. *State v. Andersen*, 784 N.W.2d 320, 332 (Minn. 2010).

Butcher was convicted of fifth-degree criminal sexual conduct. A person is guilty of fifth-degree criminal sexual conduct if the person engages in nonconsensual sexual

2

"touching by the complainant of the actor's intimate parts, effected by the actor, if the action is performed with sexual or aggressive intent." Minn. Stat. § 609.3451, subd. 1(1) (2010). "Intimate parts" include "the primary genital area, groin, inner thigh, buttocks, or breast of a human being." Minn. Stat. § 609.341, subd. 5 (2010).

Here, on June 7, 2011, while R.R., the owner of a drug store, was kneeling at the end of an aisle straightening products on a bottom shelf, Butcher approached him from behind, rubbed her genital area against his back, and asked: "How do you like having some p---y on your back?" R.R. jumped up and replied: "That's f---ing gross."

Butcher concedes that the contact was nonconsensual and that she acted with sexual intent. She argues, however, that the state failed to prove that she touched her "intimate parts" to R.R.'s back. She asserts that she has a "protruding stomach" that prevented her "intimate parts" from making contact with R.R. She claims that because R.R.'s back was turned, he could not be certain as to what body part touched him. Butcher also asserts that it is impossible to determine which body part touched R.R. from the surveillance video because her leg obscures the contact between her body and R.R.

But direct and circumstantial evidence support Butcher's conviction. R.R. testified that while he could not see what body part was touching him, it felt like Butcher rubbed her "groin area." Additionally, while Butcher rubbed against R.R., she asked: "How do you like having some p---y on your back?" The surveillance video shows Butcher walk behind a kneeling R.R., stand behind him, spread her legs wider than shoulder width apart, and bend her knees so that her knees are directed approximately 45

3

degrees from center. With R.R.'s body slightly between her legs, Butcher then thrusts her pelvic area forward into R.R.'s back.

Although Butcher claims that her protruding stomach stopped her pelvic area from touching R.R., the video shows Butcher achieving contact with the upward thrust of her pelvic area into R.R.'s back. Moreover, intimate parts include the "inner thigh" and the video shows Butcher's legs turned out at a 45-degree angle establishing contact between her inner thighs and R.R.'s back. And R.R. testified that he could *feel her legs and her pelvic area*. *See* Minn. Stat. § 609.347, subd. 1 (2010) (stating that in a fifth-degree criminal-sexual-conduct prosecution, a victim's testimony need not be corroborated). The evidence sufficiently supports Butcher's conviction.

**Affirmed.**